UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SIEMENS INDUSTRY, INC.,

        Plaintiff,

v.

TRU-VAL ELECTRIC CORPORATION,

        Defendant.

---

**COMPLAINT**

Civil Action No.: 19-cv-3685

Plaintiff Siemens Industry, Inc., by its attorneys, Phillips Lytle LLP, for its complaint against the defendant, alleges as follows:

## PARTIES

1. Plaintiff, Siemens Industry, Inc. ("Siemens"), is a business corporation incorporated under the laws of Delaware and has its principal place of business in Georgia.

2. Upon information and belief, defendant Tru-Val Electric Corporation ("Tru-Val") is a business corporation incorporated under the law of New York and has its principal place of business in New Jersey.

## JURISDICTION AND VENUE

3. The matter in controversy exceeds the sum specified by 28 U.S.C. § 1322, exclusive of interest and costs.

4. Subject matter jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391 because it is the District in which the defendant resides.

## FACTUAL BACKGROUND

6. Siemens brings this lawsuit to recover money owed by Tru-Val pursuant to various contracts and account stated between Siemens and Tru-Val.

### A. Port Imperial Building Project

7. On or about May 31, 2016, Siemens submitted a fire alarm system proposal to Tru-Val for a new voice evacuation fire alarm system for the Port Imperial Building in Weehawken, New Jersey ("Port Imperial Proposal"). A copy of the Port Imperial Proposal is attached as **Exhibit A**.

8. On or about June 2, 2016, Tru-Val provided a purchase order to Siemens for a voice evacuation fire alarm system ("Port Imperial Purchase Order") confirming its purchase of the fire alarm system. A copy of the Port Imperial Purchase Order is attached as **Exhibit B**.

9. In January 2018, Tru-Val requested that Siemens add a remote annunciator to the voice evacuation fire alarm system.

10. Siemens submitted a statement of work outlining its proposal for the remote annunciator that was accepted by Tru-Val ("Annunciator Statement of Work"). A copy of the Annunciator Statement of Work is attached as **Exhibit C**.

11. In July 2018, Tru-Val requested that Siemens add additional call stations to the fire alarm system in the Port Imperial Building.

12. Siemens submitted a statement of work outlining its proposal for the call stations that was accepted by Tru-Val ("Station Statement of Work"). A copy of the Station Statement of Work is attached as **Exhibit D**.

13. The agreed upon price and reasonable value of the work to be performed by Siemens on the Port Imperial Building was $202,129.77.

14. Siemens furnished Tru-Val with invoices detailing the amounts due for the labor performed and material furnished on the Port Imperial Building ("Port Imperial Invoices").  Copies of the Port Imperial Invoices are attached as **Exhibit E**.

15. The amount unpaid for the labor performed and materials furnished is **$72,688.99.**

**B.    Landsea Site 7 Project**

16. On or about September 28, 2016, Siemens submitted a proposal to Tru-Val for an auxiliary radio communication system for the Landsea Site 7 Project in Weehawken, New Jersey ("Landsea Proposal").  A copy of the Landsea Proposal is attached as **Exhibit F**.

17. On or about September 29, 2016, Tru-Val provided a purchase order to Siemens for the auxiliary radio communication system confirming its purchase of the system ("Landsea Purchase Order").  A copy of the Landsea Purchase Order is attached as **Exhibit G**.

18. The agreed upon price and reasonable value of the work to be performed by Siemens on the Landsea Site 7 Project was $123,645.50.

19. Siemens furnished Tru-Val with invoices detailing the amounts due for the labor performed and material furnished on the Landsea Site 7 Project ("Landsea Invoices"). Copies of the Landsea Invoices are attached as **Exhibit H**.

20. The amount unpaid for the labor performed and materials furnished is **$114,969.39**.

## FIRST CLAIM
### (Breach of Contract - Port Imperial Building)

21. Paragraphs 1 through 20 are realleged.

22. As reflected in the Port Imperial Purchase Order, Statements of Work, and Port Imperial Invoices, Siemens agreed to provide labor and materials for the installation of a voice evacuation fire system at the Port Imperial Building.

23. Tru-Val agreed to pay Siemens $202,129.77 for that labor and materials.

24. Siemens fully complied with the terms of the agreement by providing the labor and materials.

25. Tru-Val breached the terms of the agreement by failing to pay Siemens for the labor and materials.

26. Siemens has been damaged in the principal amount of $72,688.99 as a result of Tru-Val's breach.

27. As a result of the foregoing, Tru-Val is liable to Siemens in the principal amount of $72,688.99, plus interest from the earliest date the Court finds said amount became due.

## SECOND CLAIM
### (Account Stated - Port Imperial Building)

28. Paragraphs 1 through 27 are realleged.

29. Siemens sent the Port Imperial Invoices to Tru-Val.

30. Tru-Val received and retained the Port Imperial Invoices.

31. At the time they were rendered, Tru-Val did not object to the Port Imperial Invoices or the labor and material provided by Siemens.

32. Therefore, Tru-Val is liable to Siemens on an account stated in the amount of $72,688.99, plus interest from the earliest date the Court finds said amount became due.

### THIRD CLAIM
### (Breach of Contract - Landsea Site)

33. Paragraphs 1 through 32 are realleged.

34. As reflected in the Landsea Purchase Order and Landsea Invoices, Siemens agreed to provide labor and materials for the installation of an auxiliary radio communication system at the Landsea Site 7 Project.

35. Tru-Val agreed to pay Siemens $123,645.50 for that labor and materials.

36. Siemens fully complied with the terms of the agreement by providing the labor and materials.

37. Tru-Val breached the terms of the agreement by failing to pay Siemens for the labor and materials.

38. Siemens has been damaged in the principal amount of $114,969.39 as a result of Tru-Val's breach.

39. As a result of the foregoing, Tru-Val is liable to Siemens in the principal amount of $114,969.39, plus interest from the earliest date the Court finds said amount became due.

### FOURTH CLAIM
### (Account Stated - Landsea Site)

40. Paragraphs 1 through 39 are realleged.

41. Siemens sent the Landsea Invoices to Tru-Val.

42. Tru-Val received and retained the Landsea Invoices.

43. At the time they were rendered, Tru-Val did not object to the Landsea Invoices or the labor and material provided by Siemens.

44. Therefore, Tru-Val is liable to Siemens on an account stated in the amount of $114,969.39, plus interest from the earliest date the Court finds said amount became due.

WHEREFORE, Siemens demands judgment against Tru-Val as follows:

a) On the First Claim for breach of contract, in the amount of $72,688.99, plus interest from the earliest date the Court finds said amount became due;

b) On the Second Claim for account stated, in the amount of $72,688.99, plus interest from the earliest date the Court finds said amount became due.

c) On the Third Claim for breach of contract, in the amount of $114,969.39, plus interest from the earliest date the Court finds said amount became due;

d) On the Fourth Claim for account stated, in the amount of $114,969.39, plus interest from the earliest date the Court finds said amount became due.

e) For such other and further relief as the Court deems just and proper.

Dated: Buffalo, New York
April 25, 2019

PHILLIPS LYTLE LLP

By: _____
Preston L. Zarlock
James W. Whitcomb
Daniel R. Maguire
Attorneys for Plaintiff
*Siemens Industry, Inc.*
One Canalside
125 Main Street
Buffalo, New York  14203-2887
Telephone No. (716) 847-8400
pzarlock@phillipslytle.com
jwhitcomb@phillipslytle.com
dmaguire@phillipslytle.com